# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| JOSEPH MICHAEL DEVON ENGEL, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:20-CV-1923-HEA |
| CO1, et al., | ) ) ) |
| Defendants. | ) ) |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court upon the motion of plaintiff Joseph Michael Devon Engel, an incarcerated person at Eastern Reception, Diagnostic and Correctional Center ("ERDCC"), for leave to commence this action without pre-payment of the required filing fee.[1] The Court will grant the motion and, for the reasons stated below, will assess an initial partial filing fee of $1.00. *See* 28 U.S.C. § 1915(b)(1). Additionally, the Court will dismiss the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month

---

[1] Like many of the nearly 100 civil rights cases Mr. Engel has filed in the Court in the past several months, he does not include a separate motion for leave to proceed without prepayment of the filing fee. Rather, on page one of his complaint, he states "Application to proceed in District Court without prepaying fees costs in ERDCC only get $5.00 dollars a month." ECF No. 1. The Court construes this as a motion for leave to proceed in the district court without prepaying fees and costs.

period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff did not submit an inmate trust account statement along with the instant motion, as required. He states however that he receives $5.00 per month at ERDCC. As a result, the Court will assess an initial partial filing fee of $1.00, which is 20 percent of his average monthly deposit. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (when a prisoner is unable to provide the Court with a certified copy of his prison account statement, the Court should assess a "reasonable" amount).

**Legal Standard on Initial Review**

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. An action is frivolous if "it lacks an arguable basis in either law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). Dismissals on this ground should only be ordered when legal theories are "indisputably meritless," or when the claims rely on "clearly baseless" factual allegations. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). "Clearly baseless" factual allegations include those that are "fanciful," "fantastic," and "delusional." *Id.* at 32-33 (quoting *Neitzke*, 490 U.S. at 325, 327). "As those words suggest, a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Id.* at 33.

An action is malicious when it is undertaken for the purpose of harassing the named defendants rather than vindicating a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 461-

63 (E.D.N.C. 1987), *aff'd* 826 F.2d 1061 (4th Cir. 1987).  An action can also be considered malicious if it is part of a longstanding pattern of abusive and repetitious lawsuits.  *In re Tyler*, 839 F.2d 1290, 1293 (8th Cir. 1988) (per curiam).  *See Cochran v. Morris*, 73 F.3d 1310, 1316 (4th Cir. 1996) (when determining whether an action is malicious, the Court need not consider only the complaint before it, but may consider the plaintiff's other litigious conduct).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry.  First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth.  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950-51 (2009).  These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements."  *Id.* at 1949.  Second, the Court must determine whether the complaint states a plausible claim for relief.  *Id.* at 1950-51.  This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Id.* at 1950.  The plaintiff is required to plead facts that show more than the "mere possibility of misconduct."  *Id.*  The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief."  *Id.* at 1951.  When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's proffered conclusion is the most plausible, or whether it is more likely that no misconduct occurred.  *Id.* at 1950, 1951-52.

**The Complaint**

The instant complaint is one of nearly 100 civil rights complaints that plaintiff has recently filed in this Court.  Plaintiff prepared the complaint on two sheets of notebook paper, following the format of this Court's form Prisoner Civil Rights Complaint Under 42 U.S.C. § 1983.  Named as defendants are the following:  CO1, CO2, Sergeant, Lieutenant, Captain, Corporal, FUM, Caseworker [1], Caseworker [2], Assistant Superintendent, Assistant Warden, Warden, ERDCC,

CCA, IPO ERDCC, IPO Supervisor ERDCC, Assistant Director P&P, Director P&P, MODOC, MODOC Assistant Director, Director, Assistant Attorney General, Lieutenant Governor, Governor, Senator [1], Senator [2], House of Representatives, Missouri, Corizon Health Care, Corizon Director, Corizon Assistant Director, Corizon Assistant Superintendent, Corizon ERDCC, Corizon Supervisor, Corizon RN, Corizon LPN, Corizon CNA, Corizon Med Tec, Corizon Chronic Care, Corizon Nurse Practitioner, Corizon Doctor, Corizon Mental Health, Corizon Mental Health Director, Corizon Mental Health Assistant Director, Unknown Williams, Unknown Coklins, Unknown Griffth, Unknown Limbaugh, Unknown Cooks, and Unknown Smith.

Plaintiff's allegations are stated in full as follows:

> This is in regards to the MODOC putting on all the restrictions on medical and Corizon allowing them to do it costing people their lives and their health and mental health as well.  I am suing all these Departments→This is for everyone who has come through MODOC[.]

(ECF No. 1).

Plaintiff identifies his injuries as "1st Amendments, Health, PTSD, Mental Health, Civil Liberty Rights."  (ECF No. 1 at 1).  For relief, plaintiff seeks more than $20,000 trillion, which he has itemized as against each defendant in a 24-row, 2-column chart on page two of his complaint.

## Discussion

The complaint is subject to dismissal.  Plaintiff's claims are entirely conclusory.  He makes no specific allegation against any specific defendant.  He complains of unidentified "restrictions" put on "medical" and "Corizon" "allowing them to do it costing people their lives and their health and mental health as well."  Plaintiff's allegations wholly lack factual support and are not entitled to the presumption of truth.  *See Iqbal,* 556 U.S. at 678.  Even *pro se* plaintiffs are required to allege facts in support of their claims, and the Court will not assume facts that are not alleged.  *See Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004).

4

Additionally, plaintiff seeks to sue more than fifty individuals and entities on behalf of "everyone who has come through MODOC." A non-attorney pro se litigant may not represent someone else in federal court. *See* 28 U.S.C. § 1654 (stating that in all United States courts, "the parties may plead and conduct their own cases personally or by counsel").

It also appears this action is subject to dismissal because it is factually frivolous. Plaintiff alleges he is entitled to recover thousands of trillions of dollars in damages from more than fifty individuals and entities for claims that entirely lack factual support. Such allegations rise to the level of the irrational or wholly incredible, and reflect the thoughts of a delusional individual. The Court therefore concludes that plaintiff's allegations are "clearly baseless" under the standard articulated in *Denton v. Hernandez*, 504 U.S. 25.

Finally, this action is subject to dismissal because it is malicious. Since filing this action, plaintiff has submitted to this Court an astonishing number of complaints seeking to bring civil rights actions against these defendants and others. Plaintiff submits the pleadings in bulk, and he specifies that he intends each set of pleadings to be docketed as an individual civil action. The nature of those pleadings and plaintiff's claims for damages are roughly the same as those in the instant action. It therefore appears that this action is part of an attempt to harass these defendants and others by bringing repetitious lawsuits, not a legitimate attempt to vindicate a cognizable right. *See Spencer*, 656 F. Supp. at 461-63 (an action is malicious when it is undertaken for the purpose of harassing the defendants rather than vindicating a cognizable right); *see also Tyler*, 839 F.2d 1290 (noting that an action is malicious when it is a part of a longstanding pattern of abusive and repetitious lawsuits). This action is subject to dismissal for this reason, as well.

Having considered the instant complaint and plaintiff's history of engaging in abusive litigation practices, the Court concludes that it would be futile to permit plaintiff leave to file an

5

amended complaint. The Court will therefore dismiss this action pursuant to 28 U.S.C. § 1915(e)(2).

As this Court has previously warned in plaintiff's other lawsuits, plaintiff is cautioned to avoid the practice of repeatedly filing meritless lawsuits. First, a prisoner who has filed three or more actions or appeals that were dismissed for one of the reasons stated in 28 U.S.C. § 1915(e)(2) is subject to 28 U.S.C. § 1915(g), which limits his future ability to proceed *in forma pauperis*. Second, the practice of repeatedly filing meritless lawsuits can be interpreted as an abuse of the judicial process, which can result in court-imposed limitations on the ability to bring future lawsuits. This Court is "vested with the discretion to impose sanctions upon a party under its inherent disciplinary power." *Bass v. General Motors Corp.*, 150 F.3d 842, 851 (8th Cir. 1998) (citations omitted). This includes the discretion to craft and impose sanctions to deter litigants from engaging in "conduct which abuses the judicial process." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43-45 (1991). *See Tyler*, 839 F.2d at 1292 (affirming the district court's *sua sponte* determination that a litigant should be limited to filing one lawsuit per month pursuant to certain conditions precedent as a sanction for the litigant's repeated abuse of the judicial process). These powers stem from "the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id.* (quoting *Link v. Wabash R. Co.*, 370 U.S. 626, 630-31 (1962)).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed *in forma pauperis* (ECF No. 1) is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $1.00 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance

payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B). A separate order of dismissal will be entered herewith.

Dated this 7th day of January, 2021.

    _/s/ Henry Edward Autrey_
    HENRY EDWARD AUTREY
    UNITED STATES DISTRICT JUDGE